REHMEL, ADMINISTRATOR *v.* CHOWNING, RECEIVER.

[No. 15,087.  Filed November 26, 1935.]

*Charles H. Bedwell,* for appellant.

*Walter F. Wood,* for appellee.

CURTIS, C. J.—The appellant filed his claim in two paragraphs against the appellee, Receiver of the Hymera State Bank, seeking in the first paragraph to have said claim allowed as a preferred claim  and in the second paragraph to have it allowed as a general claim. The two paragraphs are identical except as to the matter above pointed out. The appellee answered each paragraph by a general denial. Upon said issues the cause was tried before the court without the intervention of a jury, resulting in a finding that the claim was a general claim and not entitled to a preference. The judgment was in accordance with the finding.

The appellant seasonably filed a motion for a new trial which was overruled with an exception and this appeal prayed and perfected, the error assigned being the ruling of the court on said motion. The grounds or causes of the motion for a new trial that are presented for review are, that the decision of the court is contrary to law, and not sustained by sufficient evidence.

Omitting the formal parts and the prayer, we set out paragraph one of the claim as follows:

"Comes now Charles Rehmel, as Administrator De Bonis Non of the Estate of Serenes Rehmel, deceased, and for first paragraph of claim against Lewis E. Chowning, as Receiver of the Hymera State Bank, alleges the following facts:

"That on the 19th day of February, 1929, this Claimant had on deposit with the Hymera State Bank of Hymera, Indiana, the sum of Forty-nine Hundred Dollars ($4900.00), which was held by this claimant as Administrator of the Estate of Serenes Rehmel, deceased, and on such date he advised such Bank that he wished to invest the same in United States Liberty Loan Bonds, and that then and there such Bank agreed to purchase for this claimant, with such money so deposited as aforesaid, four (4) United States Liberty Loan Bonds of the par value of One Thousand Dollars ($1,000.00) each and nine (9) Liberty Loan Bonds of the par value of One Hundred Dollars ($100.00) each, and to hold the same for this claimant, and then and there executed and delivered to this claimant a receipt reciting that such bonds were so held for safe keeping,

a copy of which receipt is filed herewith, made a part hereof and marked as Claimants Exhibit 'A.'

"That upon the making of aforesaid agreement the money so held by said Bank upon deposit as aforesaid became and was a Trust Fund for the purchase of aforesaid bonds; that after the making of such agreement said Bank failed and neglected to purchase said bonds, but retained said money in its possession for such purpose.

"That thereafter said Bank returned to this Claimant the sum of Four Hundred Ninety Dollars ($490.00) of such trust money but retained the balance of Four Thousand Four Hundred Ten ($4,410.00) Dollars; that said balance of Four Thousand Four Hundred Ten Dollars ($4,410.00) remained with such Bank and upon the appointment of Lewis E. Chowning, as Receiver herein, passed into the hands of and is now held by such Receiver."

Exhibit A filed with and made a part of the claim would seem to indicate upon its face that the bank received from the appellant four one thousand dollar Liberty Loan Bonds and nine one hundred dollar Liberty Loan Bonds. There was evidence, however, which may be said to be practically without conflict that no such bonds were turned over to the bank by the appellant. The evidence was ample for the court to find as it evidently did find that no such bonds were ever received by the bank and that no such bonds came into the hands of the receiver and that said receipt was nothing more than a mere piece of paper. The transaction occurred but a few days before the bank was first placed in the hands of a temporary receiver in March, 1929. The bank reopened as a bank on July 1, 1930, and remained open as a bank until September 6, 1932, when it was again closed, resulting in the present receivership. The evidence discloses that after the first closing of the bank in March, 1929, and before July 1, 1930, when it was re-opened as a bank, the appellant, along with about ninety-five per cent of the depositors, signed identical agreements for the re-opening of the bank. We set out a copy of the agreement signed by the appellant as follows:

"PLAN OF AGREEMENT BETWEEN A COMMITTEE OF DEPOSITORS AND A COMMITTEE OF STOCK-HOLDERS, WITH THE APPROVAL OF THE STATE BANKING DEPARTMENT, FOR RE-OPENING THE HYMERA STATE BANK, HYMERA, INDIANA.

"(1) The stockholders of the Hymera State Bank will make a voluntary contribution.

"(2) A payment of 10% of all deposits will be made upon the opening of the bank.

"(3) One year's interest upon certificates of deposit will be paid within 90 days after opening the bank.

"(4) The remainder of deposits to be paid in full at such times, and in such amounts as collections will justify, this to be determined by a committee of five selected by the depositors, together with the board of directors of said bank.

"(5) The salary of each of the employees of the Hymera State Bank shall not exceed $50.00 per month until the deposi-

tors have been paid in full. The number of employees to be determined by the depositors' committee and the directors.

"(6)  The directors and depositors' committee shall receive no pay for their services.

"(7)  No dividends will be paid to the stockholders of the Hymera State Bank so long as this agreement is in operation.

"(8)  It is contemplated that the Hymera State Bank will be open for business on or before July 1, 1930.

"(9)  This agreement does not apply to new deposits made after the bank is opened.

"The undersigned depositors, each for himself or herself, in consideration of opening the Hymera State Bank, hereby agree to not draw any money standing to my credit in said bank at the time said bank was closed, except as specified in the above agreement.

CHARLES H. REHMEL, ADMR."

Under this agreement the appellant received the sum of $490.00, thus reducing the amount claimed to $4,410.00. There is no dispute as to the amount of the claim, the only controversy being as to whether or not it should be allowed as a preferred claim.

The controlling questions presented in this appeal are substantially the same as those presented in the case of *William B. Bonham, Admr., et al.* v. *Lewis E. Chowning, Receiver of Hymera State Bank, etc.* (1935), 100 Ind. App. 182, 194 N. E. 802, which this court decided on the 29th day of March, 1935. That decision is adverse to the appellant's contentions in the instant case. The appellant, however, makes the additional point in the instant case that he did not have any authority to enter into the said contract with the stockholders of the bank. We think he had such power, but if it should be granted for the sake of the argument that he did not, yet we quote the language of this court in the case just referred to as follows (p. 188) : "We may say in passing, however, that we do not believe that a preferred claim has been established in any amount even if it were not for the said agreement between the stockholders and depositors of said bank. No bonds were ever purchased by the bank and of course none were turned over to the receiver. There has been no such tracing of the fund into the hands of the receiver as is required under the law applicable to the facts of the instant case under our recent decisions." (Here follows the decisions to which reference is made.)

Upon the authority of the Bonham case, *supra*, the judgment in the instant case is affirmed.

Judgment affirmed.